**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jermaine Julius Smith<br>       Debtor(s) | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION<br>       Moving Party<br>vs. | NO. 20-10369 ELF |
| Jermaine Julius Smith<br>       Debtor(s) | |
| William C. Miller Esq.<br>       Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$19,216.58,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2020 to November 2020 at $3,043.47/month<br>December 2020 to January 1, 2021 at $3,175.44/month |
| Suspense Balance: | $339.18 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$19,216.58** |

2. The Debtor(s) shall cure said arrearages in the following manner;

   a). Within seven (7) days of the filing of this Stipulation, the Debtor shall make a down payment in the amount of **$7,500.00**;

   b). Beginning on February 1, 2021 and continuing through January 1, 2022 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$3,175.44** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of $976.38 from February 2021 to December 2021 and $976.40 for January 2022 towards the arrearages on or before the last day of each month at the address below;

   FREEDOM MORTGAGE CORPORATION
   CASH MANAGEMENT, 10500 KINCAID DRIVE
   FISHERS, IN 46037

   c). Maintenance of current monthly mortgage payments to the Movant thereafter.

- 1 -

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 8, 2021             By: */s/ Rebecca A. Solarz, Esquire*
                                         Attorney for Movant

Date:   *January 22, 2021*          */s/ Albert J. Scarafone, Jr., Esquire*
                                         Albert J. Scarafone, Jr., Esquire
                                         Attorney for Debtor

Date:   *February 3, 2021*          */s/ LeRoy W. Etheridge, Esquire, for\**      *\*No objection to its terms, without prejudice to any of our rights and remedies*
                                         William C. Miller, Esquire
                                         Chapter 13 Trustee

# O R D E R

Approved by the Court this __4th__ day of _____February_____, 2021. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank